# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARK FLYNN,**

        **Plaintiff,**

**-vs-**                  **Case No. 6:08-cv-1614-Orl-18DAB**

**W.G. YATES & SONS CONSTRUCTION COMPANY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **NOTICE OF SETTLEMENT (Doc. No. 8)**
>
> **FILED:**   **January 20, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

  The Notice, construed as a motion to approve the settlement in this Fair Labor Standards Act case, was followed by a filing setting forth the settlement terms (Doc. No. 10). As summarized by the Court in prior Order (Doc. No. 11), Plaintiff represents "that the Plaintiff was due, by the best mathematical calculation that could be advanced in good faith, $25,730.00, assuming all alleged overtime was due at one and one half times his hourly rate and that an additional one half of the hourly rate would be awarded as liquidated damages." Defendant has made no appearance in this action, yet Plaintiff asserts that Defendant "alleged the Plaintiff worked no overtime, if the Plaintiff did work overtime, he signed a contractual agreement that he would not work overtime, unless agreed

to by the President of the Defendant, the Plaintiff was an exempt employee not due any overtime, and if he was due overtime, he was salaried and should be paid only one half of his hourly-adjusted salary as overtime, without payment of an additional base hourly rate, and that liquidated damages were not due, even if overtime were found to be due." Counsel asserts that Plaintiff considered these arguments (and the risk and expense of litigation in Florida, now that he has moved out of state) and agreed to compromise the claim by accepting an offer of $12,500.00, inclusive of all costs and attorney's fees.

More specifically, counsel asserts that Plaintiff agreed to a standard contingency contract, which obligated him to pay a 40% contingent fee of $5,000.00 to counsel, and costs of $458.15. Counsel notes that he has agreed to reduce his fee to $4041.85, netting Plaintiff $8,000 in this matter, and seeks the Court's approval. By prior Order, the Court denied the relief, without prejudice, given the lack of information regarding the reasonableness of the attorney's fee (Doc. No. 11). Plaintiff has made a subsequent filing in Response to that Order (Doc. No. 12), and the record is now as complete as Plaintiff desired to make it.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Here, Plaintiff was employed by Defendant as a MEP Inspector at a construction site. (Doc. No. 1 at allegation 4). He has alleged that he worked 398 hours of overtime and, as set forth above, his claim (including liquidated damages but not including attorney's fees and costs) totaled $25,730.00. According to the papers filed, Plaintiff has agreed to accept an offer of $12,500.00, inclusive of all costs and attorney's fees. The Court has no information with which to evaluate whether this compromise is objectively reasonable, regardless of how the fund is distributed. As noted, Defendant made no appearance and the Court can only take counsel's word that the compromise (which is less than half the claim and includes attorney's fees and costs) is reasonable.

Moreover, Plaintiff's counsel proposes to distribute the $12,500 as follows: $8,000 to Plaintiff; $4041.85 to counsel for fees, and $458.15 for costs. Although Counsel has submitted his time records, which indicate a total of 11.90 hours at $250 per hour in actual time expended (or $2,975.00, assuming the Court were to credit all of the time spent and find the hours reasonable), counsel seeks the higher amount under the contingency agreement. The Court finds that such a fee is not reasonable on this record.

The Eleventh Circuit has recently noted that contingency fee agreements are not dispositive in FLSA cases:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

*Silva v. Miller,* 2009 WL 73164, 2 (11th Cir. 2009) (unpublished).

The Court finds that the contingency fee sought is not appropriate here. Initially and most importantly, Plaintiff is not receiving full compensation for his claim. Any compensation to his counsel necessarily comes out of the finite settlement fund. Here, the information provided does not serve to justify a $4,000 plus fee. The docket reflects that Plaintiff filed a five page Complaint and no other documents of substance, save for the instant motion. Defendant did not file an Answer or make an appearance, there was no motion practice or hearings, and the record reflects no particular work, save for what must have been some measure of negotiations with non-lawyer representatives of Defendant. The time records reflect time for what are clearly ministerial tasks ("receive notice of new case number from Court," "receive interested persons order", etc.), as well as time subsequent to the settlement. The Court finds only 10.0 hours of time to be reasonably expended.[1] The hourly rate of $250 is accepted as reasonable. As such, the Court finds a reasonable attorney's fee to be $2,500.00.

---

[1] The time sheets indicate that a settlement offer was received the same day the Complaint was served.

Assuming that the total amount of $12,500.00 is deemed to be reasonable (and absent any objection, the Court reluctantly finds this to be the case), it is **respectfully recommended** that the settlement should be **approved, in part** as follows: Plaintiff to receive $9,541.85, counsel to receive $2,500.00 for fees and $458.15 for costs. It is further **recommended** that the Court order that no part of Plaintiff's recovery is to be used to augment the fee allowance. The Court finds the above to be a fair and reasonable settlement of a bona fide dispute under the FLSA, and recommends approval of same.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 27, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy